IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA
Plaintiff,
v.
ANGEL LANDA AREVALO
Defendant,

Case No 16-CR-20016-07-CM

## MOTION FOR APPOINTMENT OF NEW COUNSEL

COMES NOW defendant Angel Landa Arevalo pro se Respectfully moves to this Court to enter its Order granting under United States Constitution. Defendant request on the base of the "conflict of interest" that has arisen this matter. The nature of the conflict is as follow.
In support the defendant submitt the following:

On February 23, 2016, Mr. Kenton M. Hall attorney at Low was appointed to represent defendant Angel Landa Arevalo, Pursuant to the Criminal Justice Act.

Since that time defendant Mr. Angel Landa Arevalo has been in pretrial custody at the Order of the Court and housed by the United States Marshal Service at the Leavenworth Detention Center C.C.A. (now Core Civic). Counsel has met with defendant Angel Landa Arevalo, in the attorney-client professional meetings rooms designated by C.C.A. Counsel's investigators, staff, and experts must also meet with clients in these rooms. Most of these rooms were eqquipped with video comeras What I understand is that, at least in certain visitation rooms, C.C.A. Leavenworth has recorded video of our legal visit with my counsel's. See, N.A.C.D.L. Ethics Advisory Committe Opinion 02-01 (November, 2002) (A criminal defense attorney has an ethical and constitutional duty to take affirmative actions to protect the confidentiality of attorney client communications from government surveillance. This includes seeking relief from the jailers, if possible, or judicial review and seeking of protective orders.")

On May 10, 2016, counsel Mr. Kenton M. Hall sent me a letter indicating that "an apparent conflict of interest," has developed based upon my representation of another client in a separate conspiracy case that is "related to" your conspiracy case. You will recall that I previously spoke with you about the possibility.

"MOTION TO WITHDRAW AND FOR APPOINTMENT OF NEW COUNSEL," was filed on May 10, 2016. These actions by Mr. Kenton M. Hall surprised to me, because we never discussed such possibility.

On May 20, 2016, Gary O. Stone was appointed counsel to represent defendant Angel Landa Arevalo, Pursuant the Criminal Justice Act.

Defendant does not enjoy the effective aid of counsel if he is denied the right of private consultation[.] If discovery of materials provided by an attorney to a client were permitted, [t]he effect on the legal profession would be demoralizing. And the interest of clients and the cause of justice would be poorly served. See; Strickland v. Washington 466 U.S. 668, 684, - 85 (1984); Mann v. Reynolds, 46 F. 3d. 1055, 1061 (10th Cir. 1995) ( Prison "policies will not be upheld if they unnecessarily abridge the defendant's meaningful access to his attorney is an important part of that meaningful access."); Bach v. Illinois, 504 F. 2d. 1100, 1102 (7th Cir. 1974) ("An inmate's need for confidentiality in his communications with attorneys through whom he is attempting to redress his grievances is particularly important. We think that contact with an attorney and the opportunity to communicate privately is a vital ingredient to the effective assistance of counsel and access to the courts."); Adams v. Carlson, 488 F. 2d 619, 631 (7th Cir. 1973) (recognizing "that the effective protection of access to counsel requires that the traditional privacy of the lawyer-client relationship be implemented in the prison context."). On July 20, 2016, counsel Gary O. Stone filed a "motion to withdraw."

On August 16, 2016, Mr. Mark Kind attorney at Law was appointed to represent defendant Angel Landa Arevalo, Pursuant the Provisions of the Criminal Justice Act. 18 U.S.C. section 3006A. Counsel Mr. Kind deliberately and without my consent and permission with Negligent "Misrepresentation," by self-induction filed motions before and after that he was "terminated" from my case. See; Strickland v. Washington, 466, 687, 104 S.Ct. 2052, 2064, 80 L.E.d. 2d. 674, 693; Strickland v. Washington, 466, 668, 688-89 104 S.Ct. 2052, 2065, L. Ed. 2d. 674 (1984). These basic professional standards could include. but are not limited to a duty of loyalty, a duty to avoid conflict of interest a duty to advocate the defendant's cause, the duty to consult with defendant an important decisions and to keep defendant informed of important developments during the prosecution, and duty to use the level of skill and knowledge that make the trial truly adversarial. The essential elements of attorney-client privilege to provide for an orderly analysis. One of the most popular is "Wigmore schema."

The Sixth Amendment the accused shall enjoy the right to a speedy trial in all criminal prosecutions, "The Federal Speedy Trial" Act." (18 U.S.C Section 3161-3174) plus statutes in every state also seth forth a right to speedy trial. See; In U.S. v. Evdell (383 U.S. 116 [1966]); In Baker v. Wingo (407 U.S. 514 [1972]).

At an legal visit at C.C.A. Leavenworth Detention Center, counsel Mr. Mark Kind brough her supervisor attorney at Law Mrs. Melanie Morgan and had discussion over my case.

See, United States v. Hatcher, 323 F. 666, 674 (8th. Cir. 2003) ("The presence of the recording device is the functional of the presence of a third party" such that attorney-client is destroyed."); If an attorney has a "conflict of interest," that disqualifies him from representing a client, the disqualification extends to his Law Firm as well.

See, e.g Model Rules of Professional Conduct, Rule 3.4(a); Rule 8.4(d); Model Code of Professional Responsability 7; DR 7-109(A); DR 1-102(A)(5); DR 7-102(A)(7); DR 7-101(A); Model Rules of Professional Conduct 1.10(a); Model Code of Professional Responsability DR 5-105 D. See, e.g United States v. Moscony, 927 F. 2d. 742, 751 (3rd Cir. 1991); See, Wheat v. United States, 486 U.S 153, 160, 108 S.Ct. 1692, 1697, 100 L. Ed. 2d. 140 (1988); Massiah v. United States, 377 U.S. 201, 84 Ct. 1199 (1964).

Then in July of 2017, after an oral motion was granted counsel Mr. Mark Kind was "terminated from my case". Attorney at Law Mrs. Melanie Morgan supervisor of counsel Mr. Mark Kind appeared in court to represent defendant Angel Landa Aravalo. Prior counsel and employee of Mrs. Melanie Morgan deliberately filed another motion to join in motions of co-defendant's James Hearing." And later I explicitly stated in court that I do not agree to be party to this motion. On August 11, 2017 I met with counsel Mrs. Morgan at Leavenworth Detention Center, and we discussed the above topic, also I confirmed via fax that I do not agree to be part to this "motion to join in motions of co-defendant's James Hearing." (see enclosed fax dated September 5, 2017.)

At our Court appearance of September 20, 2017. in Courtroom hearing counsel Mrs. Melanie Morgan was untruthful. She stated on record that I agree to be part of the "motion to join in motions of co-defendant's James Hearing" when in reality Mrs. Morgan. lie. Because of her dishonest actions in Court I cut off all communications with counsel Mrs. Morgan for "Fear of her misbehavior and abuse "Misrepresenting the True."

On October 2nd 2017, Counsel came to C.C.A. Leavenworth Detention Center for a meeting I refused to see Mrs. Morgan and promptly filed an incident report statement and filed a copy with C.C.A Leavenworth staff. (copy enclosed to document the incident).

Mrs. Melanie Morgan filed another motion "deliberately", with false statements on September 29, 2017. The Motion to "Suppress Fruits of Search," and I did not find out she filed this motion until I appeared in Court on October 10th 2017. See, Kimmelman v. Morrison, 477 U.S. 365, 385, 87, 106 S.Ct. 2574, 2588-89, 91 L.Ed. 2d. 305, 326, -27 (1986); United States v. Gold 470 F. Supp 1336, 1346 (N.D.Ill 1979) People v. Riley 101 A.D. 2d. 710, 711, 475 N.Y.S. 2d. 691, 692-693 4th (Dept. 1984).

By oral motion several times in hearing courts, I requested to "appoint new counsel," the strong "impediment" to have other counsel and the "influential imposition," of the Honorable Judge Carlos Murguia has increased to be in the most disadvantage situation of my defense, causing an "inflicted emotional distress." I am an indigent person, poor and homeless.

"Judge cannot compel to the defendant's do when the Code of Conduct was violated."
"Judge who knows and have the full content of knowledge and truth in the law."

See, Williams v. United States, 879 F.3d. 244 (7th Cir 2018) defendant's due process rights are implicated only when coercive pressure implied by judge's involvement renders defendant's acceptance of plea agreement involuntary.); See, Tumey v. Ohio, 273 U.S. 510, 523, 47 S.Ct. 437, 411, 71 L.Ed. 749, 754 (1927) (Holding that trial under a Judge with a strong personal interest in the case violates defendant's 14th. Amendment Right.); See; United States v. Calabro, 467 F.2d. 973 (2nd Cir. 1972) defendant must show good cause for rejecting assigned counsel, like a complete breakdown in communication a conflict of interest or irreconcilable conflict with counsel); Evitt v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836 83 Ed.2d. 821, 830 (1985) ("Stablishing that the defendant's 14th. Amendment right to effective counsel at trial levels extents to a first appeal as of right."); Jones v. Walker, 540 F.3d. 1277, 1275 (11th Cir. 2008) finding there is no violation of the right to counsel if a defendant proceeds pro se because he refuses to work with assigned counsel and is denied his request to have another public defender to assigned.

See; Luis v. United States, — U.S.— 136 S.Ct. 1083, 1089 (March 30th, 2016) noting the necessarily close working relationship between lawyer and client, the need for confidence, and the critical importance of truth....." and that wrongful deprivation of counsel is structural error).

See; Douglas v. California, 372 U.S. 353 — 58, 83 S.Ct. 814, 816 — 17 9 L.Ed. 2d. 811, 814 — 15 (1963) ("requiring appointment of counsel for an indigent defendant regardles of merits of appeal."); People v. Riley, 101 A.D. 2d. 710, 711, ▬ 475 N.Y.S. 2d 691, 692, 693 (4th. Dept. 1984).

4

Defendant learned that confidential and privilege communications with clients housed at C.C.A. Leavenworth Detention Center (now Core Civic), have been recorded by C.C.A. staff. Further, C.C.A. has provided those recordings to U.S.A.O. United States Attorney Office upon request. Those confidential legal communications have been used by the government in pending litigation and have been disclosed as discovery to other defendants and counsel.

N.A.C.D.L. Ethics Advisory Committe Opinion 02-01 (November 2002) ("A criminal defense attorney has an ethical and constitutional duty to take affirmative action to protect the confidentrality of attorney client communications from government surveillance. This includes seeking relief from jailers, if possible, or judicial review and seeking of protectives orders."). See, July 21 2016, transcript of status conference in United States v. Black, pp 12-13.

Also I request to this Court with the most tremendous respect, the follow: "Request to be excused from any duty of the defendant's case. The Attorney at Law, Mr. Kenton M. Hall, Gary D. Stone, Mark Kind and Mrs. Melanie Morgan."

"The counsel's having the power to review the case above, the issues was not raised" With complete abuse and Malicious Misconduct and False Misrepresentation, Mrs. Melanie Morgan was filing motion. Even after seeing my counsel's misconduct in Court and the breakdown of communication between Mrs. Morgan and myself, the Honorable Judge Carlos Murguia denied my request several times to withdraw counsel, and appoint new counsel. Mrs. Morgan and I have had no communication since the incident in the court on September 20, 2017, regarding my case. I have plead with my all counsels regarding my case honestly

See, Ethical Standards Conflicts of Interest Canon #4 and #5 of the Code of Professional Responsability. Disciplinary Rule 5105 Ethical Considerations 514 at 519. The Full Disclosure Rule, Federal Rule of Criminal Procedure 44(c); See, Cuyler v. Sullivan 446 U.S. 335 (1980); In Re: Taylor, 567 F. 2d. 1183.

[A] prosecutor's intentional intrusion into the attorney-client relationship constitutes a direct interference with the Sixth Amendment rights of a defendant, and because a fair adversary proceedings is a fundamental right secured by the Sixth and Fourteenth Amendments, I believe that absent a countervailing state interest, such an intrusion must constitute a per se violation of the Sixth Amendment. I hold that when the state becomes privy to confidential communication because of its purposeful intrusion into the attorney-client relationship and lacks a legitimate justification for doing so, a prejudicial effect on the reliability of the trial process must be presumed. In adopting this rule, I conclude that no other standard can adequately deter this sort of misconduct. I also note that prejudice in these circumstance is so likely that case-by-case inquiry into prejudice is not worth the cost. See, Schillinger v. Haworth, 70 F.3d. 1132, 1142 (10th Cir. 1995).

"Once the invasion is known to counsel, the counsel has a duty to seek to end the surveillance, discover the true extent of it and find a remedy for what has already happen." See, N.A.C.D.L. Ethics Opinion, 02-01, supra, 5 and 15. See; Ary at 7 ("While the court may have been willing to accept a claim of privilege asserted during his review of the contents of the black plastic box, now it appears that counsel has delayed too long."); United States v. de la Jara, 973 F.2d. 746, 750 (9th. Cir. 1992) noting that the privilege will be waived "if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter."ⁿᵈ).

The Federal Defender knows that visiting clients at C.C.A, while subject to video recording device [is] the functional equivalent of the "presence" of third party and threatens the attorney-client privilege. See, United States v. Walker, 2011 WL 2728460 at 1 (M.D. Ala. 2011); United States v. Mitchell, 2013 WL 3808152 (M.D. Fl. 2013) Modelle v. Fauro, 2010 WL 624023 (N.D. N.Y. 2010).

The Sixth Amendment right to counsel exist, and is needed, in order to protect the fundamental right to a fair trial. A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of that person who happens to be a lawyer is present at trial alongside the accused is not enough to satisfy the Sixth Amendment, an accused is entitled to be assisted by an attorney whether retained or appointed, who plays the role necessary to "insure" that the "trial is fair."

I assert the privilege to be protect the Sixth Amendment right to "effective counsel."

Prejudice to a criminal defendant by reason of his counsel's conflict of interest and that an actual conflict of interest adversely affected the defendant's defense, and the "malicious misconduct impose" by attorney at Law Mrs. Melanie Morgan this has caused the defendant "emotional distress" which continues to this day.

The Sixth Amendment right to proper criminal procedure when an "infamous punishment" is to be imposed the right to "habeas corpus" and the Firsth Amendment right to free speech. Also the right most commonly cited (perhaps because it is the broadest) is the Fifth Amendment "right to due process." At a minimum there must be adequate notice and an opportunity for the defendant to be heard, the judge who presides at hearing must be impartial.

I asserted the Fifth Amendment protection in place several times in hearing courts. See; Brown v. United States, 356 U.S. 148 (1958); Roger v. United States, 340 U.S. 367 (1951).

Ethical Standards, Conflict of Interest Canon #4 and #5 of the Code of Professional Responsability Disciplinary Rule 5105. The Full Disclosure Rule Fed. Rule of Criminal Procedure 44(c) e.g In re investigation Before the February, 1977 Linchburg Grand Jury, 563. F.2d. 652, 656-657

Therefore Due to the reason given and under the protection of the Constitutional Rights I request to be "appoint new counsel."

- Also I Justify all issues and violations to the A.C.L.U. American Civil Liberties Union of Kansas, and the Human Rights of Kansas.

7

# CONCLUSION

Counsel's failed to raise issues, with dishonest representation, filed motions deliberately made actions against my will and failed to object on all the violations such as the false evidence, and the violations of the Constitutional Rights.

Defendant Angel Landa Arevalo.

Respectfully ask for the Court to set this for hearing and then to provide appropriate and necessary measures described above.

I seek Justice in this matter and pray the Court considers this request, and granting.

Respectfully Submitted
Angel Landa Arevalo
# 27927031

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019. I send to be filed the foregoing motion with the Clerk of the Court with three (3) copies. To send a notice of filing to the following:

All interest parties. I hereby certify under penalty that Human Rights should be protected under Article 12.

Clerk of the Courthouse
500 State Av.
Kansas City KS, 66101-2400

FROM: ANGEL LANDA AREVALO #27927031
FAX: September 05-2017
TO: Melanie Morgan Attorney At Law
SUBJECT: "Motion to Join in Motions of Codefendants' James Hearing"

Dear: Melanie

Please I request to Dismiss the Motion above mentioned Filed on July-17-2017 Case # 2:16-cr-20016-CM Document 94 by Mr. MARK KIND (ex-councel). We never Discussed such of matter. What Mr. Kind did is prejudice. I also met with you August-11-2017 here at Jail, your response was clear to me. Please would you review the Records on Court. (month of July)

Very Truly yours,

Angel Landa Arevalo #27927031
100 Highway Terrace
Leavenworth, KS 66048
Case # 16-cr-20016-07-CM

# INCIDENT STATEMENT

5-1C

| Facility | | Incident Number | |
|---|---|---|---|

| Incident Date | OCTOBER - 02 - 2017 | Incident Time (HRS) | |
|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| ANGEL LANDA A | 27927031 | | |

Housing Location (For Inmates/Residents Only)

**Based on your own knowledge, what did you see, hear, and do?**

Through this form. I would LIKE you to UNDERSTAND that I do not want to speak with you because we seem to have a difference of opinions. I do not feel that you are honoring my concerns and feel that you are using manipulations tactics to have me agree to things "I am CLEARLY AGAINST." I would appreciate if you would let the court and JUDGE MURGUIA know about this matter. I am in "FEAR" of your representati[on]

**Did you receive any injuries? YES or NO (If YES, Explain Below)** I, feel that you are not LOYALTY. From this moment on I do not want to Have any contact with you at all. SINCERELY

ANGEL LANDA

**Were you evaluated by medical? YES or NO**

| Printed Name | | | |
|---|---|---|---|
| Signature | | Date | |
| Typed By | | Date | |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date | |
|---|---|---|---|
| Employee/Witness Signature | | | |

Proprietary Information – Not For Distribution – Copyrighted – Property of CCA

10/30/2017 15:48 FAX     CCA LEAVENWORTH DETENTIO     ☒001

```
                ********************
                ***  TX REPORT   ***
                ********************

    TRANSMISSION OK

    TX/RX NO                3604
    DESTINATION TEL #       918164723516p172839
    DESTINATION ID
    ST. TIME                10/30 15:47
    TIME USE                00'20
    PAGES SENT              1
    RESULT                  OK
```

① 

To: Melanie Morgan Attorney at Law
From: Angel Landa Arevalo No. 27927031
Date, October 30, 2017

Dear Melanie

Since sept. 20, 2017 I have expressed to you my "fears" that you manipulated me into agreeing into legal matters that I am "clearly against." You lied to convince me to agree to the "James Hearing" motion. In my fax dated October 3, 2017. I, stated that "I do not want to have any contact with you at all." since that incident on sept. 20 2017. Additionally, in court on october 10th 2017 and again on october 18, 2017 I explained to JUDGE Murguia in front of you that you are not loyal person and you are not effectively representing me on my best interest. I have not had any discussion with you since sept. 20, 2017 regarding my case; yet you continue to file "motions" without my prior knowledge. Please "cease"