# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

    Case No. 16-20016-07-DDC

**ANGEL LANDA AREVALO,**

    **Defendant.**

## MEMORANDUM AND ORDER APPOINTING NEW COUNSEL

This case was reassigned to the undersigned judicial officer on February 20, 2020, about eight months after a jury verdict convicted defendant on Counts 1 and 10 of the Indictment. Pending at reassignment was defendant's pro se Motion for Appointment of New Counsel (Doc. 397). Also pending was defendant's Motion for New Trial (Doc. 367).

The court concluded that the first order of business was to address defendant's new counsel motion. But then, the COVID-19 pandemic emerged. Its effect—shutting down almost all in-person hearings in criminal cases—has stymied the court's efforts to take up this motion. Finally, on August 4, 2020, the court conducted an in person hearing with counsel and defendant. The defendant, with a few exceptions, invoked his Sixth Amendment right to counsel and declined the court's efforts during an ex parte hearing designed to enhance the court's understanding of the reasons for his motion's request. Apparently, the defendant reasons he has lacked counsel since 2017 when he stopped communicating with his current appointed counsel. Defendant's appointed counsel did her best to explain her understanding of defendant's view of the difficulties in that attorney/client relationship. This explanation advanced the court's

understanding of the problems in the relationship.  Counsel also explained that, should the court deny defendant's pro so motion, she planned to file her own motion to withdraw.

The court has considered the unusual posture of this case under the standard adopted by the Circuit in *Romero v. Furlong*, 215 F.3d 1107 (10th Cir. 2000).  When faced with a motion asking the court to appoint new counsel, *Romero* directs district courts to consider: (1) whether defendant's motion was timely; (2) whether the attorney-client conflict is so great that it has produced a total lack of communication precluding an adequate defense; and (3) whether defendant "substantially and unjustifiably contributed" to the communication breakdown.  *Id.* at 1113.[1]  While it is a close call, the court grants defendant's motion.  Here's why.

There's no question that the conflict here has produced a total lack of communication.  Defendant's motion advises that he cut-off all communication with defense counsel on September 20, 2017.  Doc. 397 at 4.  Defense counsel confirmed as much during the hearing, reporting that defendant has refused to accept delivery of mail and likewise refused to join meetings she tried to arrange at the detention facility where defendant is held.  This factor favors granting defendant's motion.

It also seems that defendant's motion is timely.  While a different district judge presided over the trial, counsel reports that defendant made several oral requests to appoint new counsel closer in time to the breakdown in communications, and the record reflects counsel's timely attempts to withdraw for the same reason.  *See* Docs. 132; 135.  This factor also favors defendant's motion.

---

[1] *Romero* also asks whether the trial court "adequately inquired" about the defendant's reasons for making his motion.  215 F. 3d at 1113.  While this factor focuses on the issue once it's appealed, the court attempted to communicate with defendant about his reasons.  Defendant declined to answer and cited, somewhat ironically, his Sixth Amendment right to counsel.  In the end, this standoff didn't matter much because defense counsel capably provided her best judgment about defendant's perspective of the situation.  Her prediction represents the only information available to the court.

2

This leaves the last consideration: whether defendant "substantially and unjustifiably contributed to the breakdown in communication." *Romero*, 215 F.3d at 1113. He did. Defendant elected to refuse all communications and meetings with his appointed lawyer after she orally renewed a request to join a co-defendant's pending motion for a pretrial *James* hearing. *See* Doc. 397 at 4; *see also* Doc. 123 at 2. Counsel did so for two reasons. One, such a motion can produce an outcome favoring a defendant's interests. And two, it's hard to imagine how such a motion could harm a defendant's interests. But still, counsel faithfully informed the court that defendant personally opposed joining the co-defendant's motion. *See* Doc. 123 at 2. The court granted the joinder request over defendant's objection and also granted the underlying motion for a *James* hearing. *Id.* It is difficult to imagine why a defendant would choose to break the back of his relationship with counsel over this kind of strategic dissonance. And one thing is certain: if defendant can explain why this difference scuttled his relationship with appointed counsel, he hasn't offered to do so.

Other factors also suggest that defendant is the problem—not his counsel. Defendant's current counsel is his fourth iteration of appointed counsel. The first withdrew because of a conflict of interest—a condition not chargeable to defendant. *See* Doc. 57. But his successor asked to withdraw due to "a communication breakdown" that could not be resolved despite attempts to repair the relationship. Doc. 62 at 2. Defendant's third appointed lawyer left private practice but still, defendant had stopped communicating with him before counsel made his career choice. *See* Doc. 85. And defendant's current lawyer has a well-established, and well-deserved reputation for representing defendants in criminal cases vigorously. Based on these circumstances and with no competing justification from defendant, the court finds that defendant

substantially and unjustifiably has contributed to the breakdown in communication. This factor disfavors granting defendant's motion.

In sum, two factors favor granting defendant's motion. One cuts against it, and to a substantial extent. While the court is reluctant to compound the financial burden of this defense, it concludes, based on all the circumstances, that that the wiser course is granting defendant's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's pro se Motion for Appointment of New Counsel (Doc. 397) is granted. The court directs the Clerk to notify the Federal Public Defender of this vacancy and request appointment of new counsel from the court's panel of CJA attorneys.

The Clerk is directed to mail a copy of this Order to defendant at his custody location.

**IT IS SO ORDERED.**

**Dated this 10th day of August, 2020, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**