# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**ANGEL LANDA-AREVALO (07),**

    **Defendant.**

Case No. 16-20016-07-DDC

## MEMORANDUM AND ORDER

On December 23, 2020, the court ordered a competency evaluation for defendant Angel Landa-Arevalo.  Doc. 471.  This Order relied on the authority in 18 U.S.C. § 4241.  *Id*. at 2.

On January 29, 2021, the Bureau of Prisons (BOP) notified the court that defendant had arrived at the facility where the evaluation would occur.  By letter, a Clinical & Forensic Psychologist from the evaluating facility requested the court to grant the BOP staff "the full 30 days from the date of his arrival [there] and 15 days for the routine extension with an additional 30 days to account for his time in quarantine and new social distancing procedures implemented throughout the BOP."  The psychologist's letter also projected that BOP would complete its evaluation and submit its report by April 10, 2021.

This request concerned the court because the Congress, in 18 U.S.C. § 4247(b), explicitly defined a timeline for completing evaluations under § 4241 (as this one was).  Section § 4247(b) specifies, "For the purposes of an examination pursuant to an order under section 4241 . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . .  The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under § 4241 . . . upon a showing of good cause that the additional time is necessary

to observe and evaluate the defendant." *Id*. The court promptly notified counsel of the BOP's request and the reason for the court's concern. It also convened a status conference (by telephone) with counsel on February 4, 2021. Doc. 476. This Order now decides the request made by the BOP.

First, the easy part: The court finds that BOP has shown sufficient good cause in the fashion required by the statute. Few truths are truer than the one recognizing that the COVID-19 pandemic has complicated the process of moving inmates and protecting their health—and the public's. The BOP has established the requisite "good cause" because "additional time is necessary to observe and evaluate the defendant." § 4247(b). The court thus grants the BOP's request for the additional 15 days authorized by § 4247(b).

This ruling leaves the harder question: Should the court grant the additional 30 days requested by the BOP's letter? Or, more accurately, *can* the court grant this request? There is plenty of reason to conclude that the court lacks authority to grant this aspect of BOP's request. In *United States v. Gagan*, our Circuit confronted a similar situation. 95 F. App'x 941 (10th Cir. 2004). There, the warden requested and received "two thirty-day extensions" to complete defendant's § 4241 evaluation. *Id*. at 944. The defendant then challenged the district court's extensions and the Tenth Circuit construed his challenge "as a misdirected timely pro se notice of appeal of the commitment order." *Id*. at 943. The Circuit held it lacked jurisdiction to consider several of defendant's arguments but rejected his challenge of the commitment order on its merits. *Id*.

Pertinent here is the Circuit's observations about defendant's claim that "the duration of his commitment" violated his rights because it "exceeded the time limits set forth in § 4247(b)." The Tenth Circuit "agree[d]" with defendant "that the district court exceeded the statutorily

prescribed 45-day limit on such evaluations." *Id*. at 947.  In sum, *Gagan* appears to recognize that our court lacks the statutory authority to grant BOP's request here for an extension exceeding the 45 days in the statute.  *See also United States v. Taylor*, 353 F.3d 868, 870 (10th Cir. 2003) (Lucero, J., concurring)  "Custodial institutions should read the statute and comply with its provisions."  353 F.3d at 870.

The court is mindful that this case arises in a different procedural setting than *Gagan* and *Taylor*.  A jury already has convicted Mr. Landa-Arevalo and he is in custody pending sentencing.  The case thus has eclipsed the era regulated by the Speedy Trial Act.  And, the court also recognizes that both *Gagan* and *Taylor* have recognized that § 4247 contains "'no express remedy for exceeding those limitations'" established by § 4247(b).  95 F. App'x at 947 (quoting *Taylor*, 353 F.3d at 869).

These distinctions aside, the court concludes it should—and, arguably, must adhere to the rationale expressed in *Gagan* and *Taylor*.  It thus declines to grant the second part of BOP's request asking for an additional 30-day extension beyond the authority granted in § 4247(b).  In so doing, the court does not suggest bad faith or even indifferent diligence by the BOP.  Instead, the court understands why the COVID-19 virus has made BOP's work more difficult and time-consuming.  Still, the court must follow the rules established by the country's duly elected representatives in Congress.

To preserve the record for any future proceedings, the court directs the Clerk of the Court to attach the BOP's letter requesting the extensions as Attachment 1 to this Order.  The Clerk must file this letter under seal.  Also, the court directs the Clerk to send a copy of this Order to the psychologist who submitted BOP's request to the court.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2021, at Kansas City, Kansas.

                                                  s/ Daniel D. Crabtree  
                                                  Daniel D. Crabtree  
                                                  United States District Judge