## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-20016-07-DDC** |
| **ANGEL LANDA-AREVALO (07),** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER DECIDING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

Defendant Angel Landa-Arevalo's Motion for New Trial (Doc. 367) remains pending. During a recent hearing, the court asked the parties to address—in written submissions—their views whether Fed. R. Crim. P. 25(b)(2) applies in current circumstances. The court also inquired whether evidence might assist the court's efforts to understand and decide the issue raised by the new trial motion. The parties disagree about the answer to this question.

Mr. Landa-Arevalo's brief (Doc. 518) asks the court to conduct an evidentiary hearing. His counsel suggests that "testimony from persons who were present at the trial may be of benefit to the [c]ourt[.]" *Id*. at 3. This evidence, counsel predicts, could include testimony by defendant's trial counsel. *Id*.

The government sees things differently. It claims that the defendant, when he made his motion for a new trial, didn't make any arguments based on "defendant's behavior during trial[.]" Doc. 519 at 3. So, the government reasons, all the material needed to decide the motion "are part of the record that this court can review[.]" *Id*. This access to the trial record, the government contends, obviates the need for any evidence.

Mr. Landa-Arevalo has the better of the argument.  His Motion for New Trial claims that a procedural due process violation occurred when the court—on the eve of trial—declined to order a competency evaluation and conduct a competency hearing.  Doc. 367 at 1.  Our Circuit has articulated the legal standard governing this kind of claim.  "[T]o prevail on a procedural due process competency claim a [defendant] must raise a bona fide doubt regarding his competency to stand trial[.]"  *McGregor v. Gibson*, 248 F.3d 946, 953 (10th Cir. 2001) (en banc).  The Tenth Circuit has identified the factors courts must consider when they apply this standard to procedural due process claims.  They include "'evidence of irrational behavior, demeanor at trial, and any prior medical opinion on competence[.]'"  *Id*. at 954 (quotation cleaned up) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).  "'Other relevant factors include evidence of mental illness and any representations of defense counsel about the defendant's incompetence.'"  *Id.* (quoting *Walker v. Gibson*, 228 F.3d 1217, 1227 (10th Cir. 2000)).

Given *McGregor*'s standard—and the factors it instructs the court to consider—the court can't proscribe defendant from offering evidence.  Here, evidence may prove particularly useful.  The currently assigned judge didn't preside over defendant's trial.  At the very least, evidence may round out the court's understanding of the record.  And, it is possible, evidence may enable the court to make the determinations required to decide the new trial motion.

The court thus will conduct an evidentiary hearing on Mr. Landa-Arevalo's Motion for New Trial.  In addition, the court wishes to hear from trial counsel for the government even if he is not among the witnesses defendant chooses to call.  This request stems, in part, from the government's current position that trial counsel "was wrong in supporting a mental evaluation at the *limine* hearing."  Doc. 418 at 6.  This reverses the government's position before trial, so the court is eager to understand the reasons for this switch.

The court directs counsel for both parties to confer, and within 15 days of this Order's date, to propose three workable dates when counsel (and the witnesses) can appear for this hearing.

**IT IS SO ORDERED.**

**Dated this 10th day of February, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**